Thank you. I'm Steve Richard. I represent Frank White, who seeks to have his conviction for the crime of felon in possession overturned on the basis that the trial judge inappropriately allowed in a jailhouse conversation that was recorded between himself and his brother, which the court then determined to be an admission by silence. Secondly, or alternatively, we seek to have his sentence reviewed for being unreasonable, even though it was a below-guideline sentence. The biggest hurdle I think I face is that this court reviews what occurred, the decisions of the court, for abuse of discretion. There's not, in my opinion— I think it's—is it Whiting?—that he had a gun under the driver's seat when he got stopped. The prejudice arises because the court may be aware that when Mr. White was in the police car being taken to jail, he said, I just discovered the gun in the car just before you got here, and here it is. The conversation that occurred between he and his brother suggests that he knew the gun was in the car much earlier. So I think it is very prejudicial, at least as far as his defense was presented. So we have, on one case— Would the fact that he just discovered it a little while ago, would that have been a defense? No. To—so it still doesn't work for him, right? The issue— I mean, if his defense had been, I didn't know it was there, then that statement, if it were error, is a lot more damning, right? True. The issue that we tried to get across to the jury was that once he has knowledge of the existence of the gun in the car, he's guilty. It doesn't matter if he put the gun there. It doesn't matter if he had any intent to possess it. Once he has the knowledge under the statute, he's guilty. So he could do nothing. But under these circumstances, we suggested to the jury that his possession was totally unintentional, and it becomes very prejudicial, the discussion with his brother that, yeah, I knew about this earlier, or my brother told me we knew about it earlier, but he didn't respond to that comment. The—an admission by a defendant clearly is probably one of the most important and powerful things or evidence a jury can hear. I suggest that if we're going to allow the rules to have someone, the jury, hear an admission by silence, the trial court ought to have a little more gatekeeper responsibility. In other words, the rule says he has to hear the comment, he has to understand it, he has to have the opportunity to respond to it, and naturally someone who would respond. Our trial court essentially just said, I'll just let the jury decide all of those things. I think the judge should— Did the judge listen to the tape before he made the ruling? He did. And I don't know if this court has listened to the tape. I have. I think we all have. It is a talking over, yelling at each other. I think the trial judge says it all occurred rapid fire. So I don't know if the judge even had a thought of what's—well, maybe I should determine before I let the jury hear this, which is important, that we should— Did the judge have to say, I've listened to it and I've concluded that it was an adoptive admission, and then that's why I'm letting it go to the jury? Or having listened to it and decided that in its essence, I suppose, that I'm not sure I can tell one way or the other, then let the jury decide? Your argument is if it's the latter, then he failed his gatekeeping role. The latter is what I would suggest. I don't suggest that he should have made the determination that it isn't an admission by silence, but I think he should have determined— I don't mean as a matter of law that he made that foundational determination that he was satisfied that it was a proper inference. The jury could decide otherwise, but at least he saw there was enough to justify letting the jury make that decision. Unfortunately, we don't know if he went that far. Yes. I think he should have articulated exactly what the court has said. That's what I'm trying to find out. What would you like us to say if we agreed with him? That the trial judge has a responsibility to review the factors under the rule and determine that there are sufficient inferences that the jury can get there if they want. Okay. Would you mind—you were going to address the sentencing issue. Yes. And I realize that's for abuse of discretion. I mean, it's a tough argument, but there is one thing about what the judge said at the time of his sentencing that kind of bothered me a little bit, which was when he's talking about comparing this particular defendant's background and experience to somebody else who didn't have the same kind of criminal record. Correct? Do you remember that statement? Yes, I do. And under the guidelines, he says, you know, somebody who doesn't have a record for the same kind of offense, you know, I've got to keep that in mind as I factor this sentence, as I craft your sentence. But, in fact, if you go to the guidelines, somebody who doesn't have a record, they start out at a base offense level of 12, I believe it is, as opposed to 24. So what was going on there? I don't really know. The judge effectively said, this guy has a long criminal history, therefore the guidelines are appropriate. I'll vary or depart a little bit from those. But the court focused on exactly what I think was importantly that he made an error on, and that is under the guideline for felon in possession, criminal history is counted twice. Once for the criminal history score and for the offense level. In this case, I had 12 offense levels because he had two convictions for drug-related offenses. So his criminal history is totally taken into twice under the guidelines. And the judge suggested that, well, that's not good enough, or I don't want to vary very far from that because he's got a long history of criminal behavior. I think that under these circumstances. Well, he said, but I was persuaded, I think, by Ms. Wick's suggestion that the defendant earned that prior criminal record, and to ignore that as a significant factor in the sentencing in this case would be to unduly create a potential disparity from another defendant who has essentially done the same type of conduct as Mr. White. But the guidelines for that kind of defendant, he would start out at a 12 to begin with. Correct. I think that's where the error was. He's unreasonable in that approach. I think he at this point failed to recognize that the criminal history was considered by the guidelines, again, twice. So I think he misapplied the guidelines, maybe that's the best term to say, resulting in an unreasonable sentence under these circumstances for someone who didn't even intend to have a weapon. Winds up 84 months in prison, which was less than the guidelines. We think the judge was unreasonable. The sentence is unreasonable. We think the judge should have not admitted or at least did a gatekeeper approach on the 801D2B admission by silence. Okay. Why don't you save your time for everybody? May it please the court. My name is Anne Wick. I represent the United States. This court should affirm on both issues that are raised before the court. First, speaking to the evidentiary issue, Judge Windmill was well within his discretion to rule the way he did about the adoptive admission, and I just candidly have to dispute the characterization of the court's finding. What really is at issue between counsel and I is the nature of the court's finding. The government's position is the district court, in the record, the transcript that's been reviewed, he restated what the rule was. The fact that the statement had to be one that would provoke a response from an innocent person. The fact that Mr. White, in this case, heard and understood and had an opportunity to respond to that statement. He correctly restated the rule. He listened to the recording, and he came back out and said, essentially, we're in that circumstance. That's his finding of fact as to whether or not the rule conditions had been met for him then to present the issue to the jury. And where he doesn't have to make a finding, as has been articulated, that he does so find as a matter of law that it's an adoptive admission, what he has to essentially say from the bench is there is sufficient evidence here for a jury to reasonably conclude that Mr. He's supposed to make preliminary findings, though. I think he did make preliminary findings. That's what I'm saying. You can generously characterize it that way. I don't know how else to more plainly say it. But he just stated the rule. He didn't point to any facts. Well, first, I guess on that score, I would say there weren't disputed facts. There was no contested issue about the circumstances of the statement, the statement itself, whether he could hear them, whether he could understand them. None of that was at issue in the case factually. If he stated the rule and not listened to the tape, would your argument be less strong? Sure. I think any time the district court listens to the evidence directly and then comes out and makes its ruling that we're in the circumstances that the rule is intended to apply to, I think that's always stronger. Could the court have ruled on a proffer about the audio tape? Sure. I think my argument would still be the same. Do I think it's better because he listened to the tape himself?  And really, just in terms of – Do you want to respond? I'm sorry. Go ahead. I'm sorry. No. We kind of started at the same time. Just in terms of applying case law, I would note that there are cases where the evidence is actually more conflicting than what I just articulated here. Again, we don't have a factual dispute about the circumstances of the statement. What we have is a conflict between counsel and I about what the court's finding was on that, based on a different interpretation of what someone should make of Mr. White's acceding to the statement. And in the cases, there are conflicting evidence cases. There's one that actually refers to a close one versus a close call. And those cases end up going to the jury. You have Sears. You have Geisy, if I'm saying that right. And you have Henke, which is another case not over conflicting circumstances, but one that's in the government's favor here, just in terms of precedential value. If a statement at a press conference where the person's essentially accused of the crime that they're going to be later on trial for and their response is, next question, please, that certainly is in support of the facts in this case where Mr. White said, well, and then didn't go on to defend himself from the accusation that his brother made. But as the judge said, it was a pretty rapid-fire conversation with a lot of nasty language going back and forth. Not unlike a press conference. Is that the kind of circumstance where it's a brother or they're talking on the phone? Is that the kind of circumstance that one would naturally deny a statement like that? Absolutely. You're in jail. Your call is being recorded. Before you made that call, you were advised again that the call is being recorded, and you're talking to someone who knew about your possession of the firearm in the morning and warned you not to. And he also talked about the fact that he thought he was going to prison for life or for a very, very long time because of his criminal history. So, sure, when I'm being recorded, I absolutely want to say, well, that's not really true. But he didn't, and he had the whole rest of the phone call to actually say that. The transcripts of oral argument I've looked at and thought I was brilliant when I said the words, and I go back and read or whatever, and by golly, I wasn't. Now, I know these are recorded or being taken down. You're asking him to interject because he knows it's being recorded and say, wait a minute, you didn't tell me that at all. I mean, I listened to this, and the brother's just yacking at him on the phone, and he makes that statement. And White says, well. And that's the heart of the rule and the heart of the government's position. I know. That's what I'm wondering about. My point is the fact that the test is can no jury reasonably find that it was an admission by silence? And I think absolutely. It wasn't by silence. He didn't get a chance to finish his statement. He could have said, well, that's not right. Well, that's the argument that defense put forth at the trial court level, and that's one interpretation. The other interpretation is, well, was all he was going to say about it and not contest it. Are there some situations where abuse of discretion, either way the court ruled we would have to affirm it, and is that one of these situations? The court could have said, I don't think he had a chance. You would have an uphill battle on that. But the court listened to it and said, well, I think a reasonable jury could. And everyone made the arguments about it, and the jury made their decision. If the jury had agreed with him, I asked, could it even be argued to be harmless there? Because he admitted to the officer they had the gun, right? And that is the alternative position that was mentioned in the briefs. What about the sentencing? Do you want to respond to what was discussed, Judge Pius' concern? Sure, because it was addressed at the trial court level. And as the court mentioned, it is a high burden for my colleague on that score because ‑‑ Well, it caught my eye, you know. What kind of bothered me about that was I didn't include the first part of the judge's statement, which was he says, let me note in settling upon 84 months, part of me was leaning much towards a shorter sentence, perhaps 60 or 72 months. But I was persuaded, I think, by Ms. Wick's suggestion that the defendant earned the prior criminal record and so on. And he then compares the defendant to somebody who doesn't have that kind of record and said it would be unfair. And I still agree with that general proposition that Mr. White earned, he earned his offense level based on his criminal history and then he earned his criminal history points that resulted in the advisory guideline range as the starting point. And then if you, just speaking to the guidelines, that low end of the guidelines as the advisory range, that speaks to the most minimal conduct that constitutes the crime that Mr. White was convicted of. So in terms of comparing similarly situated defendants, that's what the guidelines are helpful for, is to make sure that similarly situated defendants are treated similarly. And once you start taking the most minimal conduct. But he was looking to somebody who didn't have the kind of prior record as Mr. White. Correct. And, of course, there's a huge range. And if somebody who's just arrested for the first time and doesn't have any criminal record for felon in possession, you start out under the guidelines at a level 12. He started out at a level 24. Correct. But there's a huge range between that first time offender with no criminal history points or convictions whatsoever and Mr. White. And the danger, the territory that my comments were aimed at and I understand the court to be aimed at is, what about the offender whose guideline range is one or two levels below Mr. White? And he's in another district of the United States. And you have a court doing its job over there. And that person ends up getting the same sentence that Mr. White does. Well, then you've got a disparate type of situation. I don't buy that argument. Judge Windmill did. And my argument is it was well within his discretion to take the position he did. And it was a below guideline sentence. So it is really hard to. I started out by saying this is an abuse of discretion review. I understand. But I do find it troubling because he did say he was thinking about giving a shorter sentence, 60 to 72, and instead he gets 84. He did. I don't have anything else. Thank you. I would submit, Your Honors. Thank you. Ms. Wick and I disagree often. In this case, the judge, as far as we know, did not make any determination whether or not preliminarily, whether or not Mr. White heard, understood, had an opportunity to respond, and naturally would have under the circumstances. The judge said it was a tough call, but he let the jury decide, and I think he was wrong. Thank you. Thank you, counsel. Appreciate your arguments. The matter is submitted.
judges: Fisher, Paez, Callahan